UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

KIDROY BAILEY,

     Petitioner,

                            26-CV-250-RCW

       -v-                      DECISION & ORDER

TAMMY MARICH, *in her official capacity
as Acting Director, Buffalo Field Office,
United States Immigration and Customs
Enforcement*; MARKWAYNE MULLIN, *in
his official capacity as Secretary of the
United States Department of Homeland
Security*; and TODD BLANCHE, *in his
official capacity as Acting Attorney General
of the United States*,\*

     Respondents.

———————————————————

     Kidroy Bailey, a Jamaican national subject to a final order of removal,

petitions for a writ of habeas corpus under 28 U.S.C. § 2241.  He seeks immediate

release from immigration custody or, alternatively, a bond hearing.  Respondents

Tammy Marich, the Acting Director of the Buffalo Field Office of United States

---

\* The Clerk of Court is respectfully directed to amend the caption to substitute Markwayne Mullin, in his official capacity as Secretary of the United States Department of Homeland Security, and Todd Blanche, in his official capacity as Acting Attorney General of the United States, for Kristi Noem and Pam Bondi, respectively.  *See* Fed. R. Civ. P. 25(d).

1

Immigration and Customs Enforcement ("ICE"), Markwayne Mullin, the Secretary of the United States Department of Homeland Security, and Todd Blanche, the Acting Attorney General of the United States, (collectively "the Government") move to dismiss.

For the reasons below, the Court GRANTS the Government's motion and DISMISSES the petition without prejudice.

## BACKGROUND

Kidroy Bailey entered the United States on a visitor visa but overstayed. Pet. ¶¶ 2–3. In January 2019, the Department of Homeland Security issued a Notice to Appear charging Bailey as removable for the overstay and placed him in removal proceedings. *Id.* ¶¶ 3, 35. Bailey was held in immigration custody and released on bond in March 2019. *Id.* ¶ 4.

At a hearing later that month, Bailey admitted the allegations in the Notice to Appear, conceded removability, and applied for asylum and related relief. *Id.* ¶ 36. While the proceedings were pending, Bailey married a United States citizen, who filed an I-130 visa petition on his behalf; the immigration judge continued the case while that petition remained pending. *Id.* ¶¶ 37–38. She later withdrew the petition, and the marriage ended. *Id.* ¶¶ 39–41.

2

In April 2021, after denying Bailey's request for additional time, the immigration judge concluded the removal proceedings by granting Bailey voluntary departure and entering an alternate order of removal to Jamaica if Bailey did not depart as required. *Id.* ¶¶ 5, 42. By that point, Bailey had married a second United States citizen. *Id.* ¶ 42.

Two months later, on the last day of the voluntary-departure period, Bailey moved to reopen his removal proceedings based on his second marriage and the I-130 petition his second wife had filed on his behalf. *Id.* ¶¶ 42–43. The immigration judge denied the motion, finding that Bailey had not shown that the marriage was bona fide, and the Board of Immigration Appeals ("BIA") dismissed Bailey's appeal in December 2024. *Id.* ¶¶ 7, 44–45.

Bailey then sought relief on a different basis. In February 2025, he filed a self-petition under the Violence Against Women Act ("VAWA") based on alleged abuse by his second wife. *Id.* ¶¶ 47–48. In October 2025, United States Citizenship and Immigration Services issued a prima facie determination on the petition—an initial assessment that the petition appeared sufficient on its face. *Id.* ¶ 49.

Bailey remained at liberty until December 2025, when United States Immigration and Customs Enforcement arrested him and detained him at the

Buffalo Federal Detention Facility in Batavia, New York.  *Id.* ¶¶ 20, 50.  Days later, Bailey again moved before the BIA to reopen his proceedings, this time based on his pending VAWA self-petition, to pursue cancellation of removal.  *Id.* ¶ 52.  In January 2026, after that motion was filed, ICE transferred Bailey to Louisiana for removal.  *Id.* ¶ 53.  The removal did not go forward, however, because the BIA issued a VAWA-based stay of removal, and Bailey was returned to Batavia, where he remains detained.  *Id.*

Bailey filed this habeas petition on February 10, 2026, about two months after his arrest.  ECF No. 1.  As of the date of this decision, Bailey has been in ICE custody for roughly six months.

## STANDARD OF REVIEW

A motion to dismiss a habeas petition, like any other motion to dismiss a civil complaint, is governed by Federal Rule of Civil Procedure 12(b)(6).[1]  *Williams v. DHS/ICE/Immigr. Ct.*, No. 22-CV-6539, 2023 WL 3585849, at *1 (W.D.N.Y. May

---

[1] The Government also moves to dismiss under Rule 12(b)(1), citing the REAL ID Act's channeling provisions, which vest exclusive review of removal orders in the courts of appeals.  *See* 8 U.S.C. § 1252(a)(5), (b)(9).  Those provisions do not reach Bailey's claims, however, as he challenges only the lawfulness and duration of his detention, not the removal order itself.  *See Jennings v. Rodriguez*, 583 U.S. 281, 294–95 (2018) (holding that § 1252(b)(9) does not bar claims by detainees who "are not asking for review of an order of removal").  The Court therefore rejects the Government's jurisdictional objection and addresses Bailey's detention claims on the merits.

22, 2023).  Rule 12(b)(6) allows a party to move for dismissal of an action for "failure to state a claim upon which relief can be granted."  To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

The Court addresses, in turn, its jurisdiction, the statute that governs Bailey's detention, and his two requests for relief—release and a bond hearing.

### I.    Jurisdiction

Bailey seeks release from custody or, in the alternative, a bond hearing.  His challenge to his immigration detention falls within this Court's habeas jurisdiction under 28 U.S.C. § 2241.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

### II.    Statutory Framework

Although Bailey's petition invoked 8 U.S.C. § 1226, the parties now agree that § 1231 governs because Bailey is subject to a final order of removal.  *See* 8 C.F.R. § 1241.1(f) (an alternate order of removal issued with a grant of voluntary departure becomes final "upon overstay of the voluntary departure period").

Under § 1231, detention is mandatory during the 90-day removal period after an order of removal becomes final.  8 U.S.C. § 1231(a)(2).  After that period, detention becomes discretionary:  certain noncitizens "may be detained beyond the removal period."  *Id.* § 1231(a)(6).  But § 1231 does not authorize indefinite detention.  *Zadvydas*, 533 U.S. at 689.  Under *Zadvydas*, detention is presumptively reasonable for six months; after that, the noncitizen must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and the Government may rebut that showing.  *Id.* at 701.

## III.   Bailey Is Not Entitled to Release

Bailey is not entitled to release.  Even assuming that the six-month *Zadvydas* presumption has run, he has not met his burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Zadvydas*, 533 U.S. at 701; *see Callender v. Shanahan*, 281 F. Supp. 3d 428, 436 (S.D.N.Y. 2017) (declining to decide when the six-month period began because the petitioner could not show that removal was unlikely in the reasonably foreseeable future).

The petition identifies no concrete obstacle to removal.  It does not allege that Jamaica has refused to accept Bailey, that travel documents are unavailable,

6

or that the Government has otherwise been unable to arrange removal. Indeed, the pleaded facts point the other way: ICE transferred Bailey to Louisiana to execute his removal in January 2026, and removal was halted only after Bailey obtained a stay tied to his VAWA-based motion to reopen. *See* Pet. ¶¶ 52–53.

That stay alone does not make removal unlikely in the reasonably foreseeable future. Bailey is free to pursue reopening and VAWA-related relief, but a discrete administrative stay pending his own motion to reopen is not the kind of indeterminate obstacle that *Zadvydas* addresses. *See Guangzu Zheng v. Decker*, 618 F. App'x 26, 28 (2d Cir. 2015) (summary order) (rejecting *Zadvydas* claim where travel documents existed and removal was delayed by stays the petitioner had sought); *Abimbola v. Ridge*, 181 F. App'x 97, 99 (2d Cir. 2006) (summary order) (rejecting *Zadvydas* claim where delay resulted from petitioner's seeking stays, reconsideration, and appeals). *Zadvydas* itself involved country-specific barriers to removal: Germany and Lithuania refused to accept the petitioner, and the Government's effort to remove him to a third country also failed. *See* 533 U.S. at 684. Detention in those circumstances threatened the "indefinite, perhaps permanent, deprivation of human liberty" that troubled the Court. *Id.* at 692. Bailey's removal, by contrast, was already underway, and it

remains suspended only while the BIA considers his request to reopen. Accordingly, he has not shown that removal is unlikely in the reasonably foreseeable future.

## IV.  Bailey Is Not Entitled to a Bond Hearing

Bailey's alternative request for a bond hearing also fails.  He relies on *Velasco Lopez* and *Black*, but those cases addressed pre-final-order detention under § 1226, not the post-final-order detention under § 1231 at issue here.  *See Velasco Lopez v. Decker*, 978 F.3d 842, 855 (2d Cir. 2020); *Black v. Decker*, 103 F.4th 133, 154–60 (2d Cir. 2024).  In *Arteaga-Martinez*, the Supreme Court held that § 1231 does not itself require a bond hearing after six months of detention, leaving open whether due process might require one in an appropriate case. *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 576, 583 (2022).  To date, the Second Circuit has not ruled on whether due process requires a bond hearing for detention under § 1231.

Assuming without deciding that due process may require a bond hearing in some § 1231 cases—and that the three-factor framework of *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), would govern that question, *see Black*, 103 F.4th at 145–48 (applying *Mathews*'s three-factor test in the § 1226 context)—Bailey has not shown that one is required here.  His liberty interest, though weighty, is tempered by the

8

brevity of his detention:  about two months when he filed this petition, and roughly six months now.  The risk of erroneous deprivation is low, because Bailey's detention does not rest on an untested or stale custody determination; it rests on a final order of removal that ICE stands ready to execute the moment the stay dissolves.  *See* Pet. ¶¶ 50, 52–53.  And the Government's interest in maintaining custody of a noncitizen whose removal it has already staged—ICE transferred Bailey to Louisiana for a January 2026 removal—is at its strongest.  *Id.*

Decisions from district courts in this Circuit ordering bond hearings under § 1231 confirm the point, because they usually involve detention that had become practically indeterminate.  *See, e.g.*, *Lu v. Genalo*, 817 F. Supp. 3d 176, 180–81 (S.D.N.Y. 2025) (ordering a bond hearing under *Mathews* for a petitioner detained after decades of compliance with supervision, where the Government could not say when, or whether, travel documents would issue).  Nothing of the kind is pleaded here:  ICE has already attempted removal, and nothing suggests that Jamaica will not accept Bailey or that travel documents are unavailable. Accordingly, Bailey has not shown that his detention has become so prolonged or indeterminate that due process requires a bond hearing.[2]

---

[2] Finally, Bailey also raises a claim under the Administrative Procedure Act ("APA"), arguing that ICE revoked his release without the individualized custody determination required by 8 U.S.C.

## V.    The Dismissal Is Without Prejudice

Of course, Bailey's detention may not continue indefinitely. *Zadvydas*, 533 U.S. at 689. Should circumstances change such that removal can no longer be expected in the reasonably foreseeable future, continued detention may become unreasonable. The dismissal is therefore without prejudice.

**CONCLUSION**

The Government's motion to dismiss is GRANTED, and the petition for a writ of habeas corpus is DISMISSED without prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.


Dated:          June 12, 2026



Hon. Richard C. Wesley
Senior Circuit Judge of the U.S. Court of
Appeals for the Second Circuit, sitting by
designation

---

§ 1226 and its implementing regulations. *See* Pet. ¶¶ 71–93; 5 U.S.C. § 706(2)(A). The claim rests on a mistaken premise: Because Bailey is subject to a final order of removal, his detention is governed by § 1231, not § 1226. In any event, the APA authorizes review only where "there is no other adequate remedy in a court," 5 U.S.C. § 704, and habeas supplies an adequate remedy for precisely the relief Bailey seeks—release or a bond hearing. His APA claim therefore fails.

10
